## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      :
                 :
    *versus*            :     CRIMINAL NO. 16-72-SDD-EWD
                 :
UDRAKA ROBERTS-BEY      :

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Udraka Roberts-Bey ("defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

## A.    DEFENDANT'S OBLIGATIONS

### 1.    Guilty Plea

Defendant agrees to enter a plea of guilty to an Indictment charging him with Conspiracy to Engage in Sex Trafficking of a Minor in violation of 18 U.S.C. § 1594(c).

### 2.    Financial Information

Defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within 10 days of this agreement being filed with the Court. Further, defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request. Any financial information provided by defendant may be used by the United States to collect any financial

obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

**B.**     **UNITED STATES' OBLIGATIONS**

    **1.**     **Non-Prosecution of Charges**

The United States agrees that, if the Court accepts defendant's guilty plea, it will not prosecute defendant for any offense related to the offense charged in the Indictment.

    **2.**     **Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that defendant has assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease defendant's offense level by one additional level. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement, including information that defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

## C.    SENTENCING

### 1.    Maximum Statutory Penalties

The maximum possible penalty is a term of life imprisonment, a fine of up to $250,000, or both, and a term of supervised release of not less than 5 years and up to life.

In addition to the above, the Court must impose a special assessment of $100, which is due at the time of sentencing. Pursuant to 18 U.S.C. § 3014(a), in addition to the $100 special assessment, the Court must assess an amount of $5,000 on any non-indigent person convicted of an offense under chapter 77 of Title 18, U.S. Code. The Court must also order restitution in the amount of the full losses suffered by the victim as determined by the Court.

### 2.    Supervised Release

Supervised release is a period following release from imprisonment during which defendant's conduct is monitored by the Court and the United States Probation Office and during which defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to 5 years, without credit for any time already served on the term of supervised release.

### 3.    Sentencing Guidelines

The Court will determine in its sole discretion what defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose

any sentence up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

### 4. <u>Sex Offender Registration</u>

Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d). Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Louisiana following release from prison, he will be subject to the registration requirements of the State of Louisiana. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from prison following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration agency in Louisiana, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements

of federal and state sex offender registration laws, including the requirement to update his registration information.  Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from prison.

### 5.     No Agreement Regarding Sentencing

Except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing.

### 6.     Forfeiture

Defendant understands that, in accordance with the Notice of Forfeiture in the Indictment, the Court will order forfeiture of his interest in any property subject to forfeiture pursuant to 18 U.S.C. § 1594(d)(1) and (2) as a result of conviction of the offense charged in the Indictment. In particular, the Court may order forfeiture of any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense charged in the Indictment, or any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in the Indictment. Defendant therefore agrees to forfeit his interest in such property and consents to the entry of orders of forfeiture for such property.

Defendant understands that forfeiture of his property will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty which may be imposed upon

him as part of his sentence. Defendant further understands that, separate and apart from his sentence in this case, the United States may also institute civil or administrative forfeiture proceedings of any property, real or personal, which is subject to forfeiture. Defendant agrees to waive his interest in the property identified in the Notice of Forfeiture in the Indictment in any such civil or administrative forfeiture proceeding.

Defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets and to fully and completely assist the United States in the recovery and forfeiture of all forfeitable assets, including taking all steps as requested by the United States to pass clear title to forfeitable assets to the United States. Defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property pursuant to the Court's forfeiture orders.

Defendant hereby waives the following: (1) all statutory and constitutional defenses to the forfeiture, including any claim that the forfeiture constitutes an excessive fine or punishment; (2) any failure by the Court to ensure at sentencing that defendant is aware of the forfeiture or to incorporate the forfeiture in the judgment as required by Fed. R. Crim. P. 32.2(b)(4)(B); and (3) any failure by the Court to inform defendant of, and determine that defendant understands, the applicable forfeiture prior to accepting defendant's plea.

D.   **FACTUAL BASIS**

The United States and the defendant stipulate to the following facts:

In or about June 2016, within the Middle District of Louisiana, Defendant conspired and agreed with a known co-conspirator and others, to knowingly provide, maintain, and solicit a minor who had not attained the age of 18 years, and knowing that the minor victim would be caused to engage in a

commercial sex act. In particular, between on or about June 14, 2016, and June 21, 2016, on two occasions, Defendant arranged for the minor victim to engage in commercial sex acts with individuals who offered to pay for the sex acts. During that same time frame, Defendant transported the minor female from Baton Rouge to New Orleans and from New Orleans to Baton Rouge for the purpose of making the minor victim available to engage in commercial sex acts. Defendant, among other things, used a cellular phone to arrange for commercial sex acts involving the minor victim at hotels in Baton Rouge that serviced interstate travelers. Finally, during that same time frame, Defendant engaged in sexual relations with the minor victim and had a reasonable opportunity to observe the minor victim, who had not yet attained the age of 18 years.

Defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and defendant further agree that such facts are sufficient to support conviction of the offense to which defendant has agreed to plead guilty. Defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

## E.     BREACH AND ITS CONSEQUENCES

### 1.     Conduct Constituting Breach

Any of the following actions by defendant constitutes a material breach of this agreement:

      a.     failing to plead guilty to the Indictment at re-arraignment;

b.     representing, directly or through counsel, to the United States or the Court that he will not plead guilty to the Indictment;

c.     moving to withdraw his guilty plea;

d.     filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

e.     disputing or denying guilt of the offense to which defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

f.     concealing or disposing of assets with the specific intent to shield such assets from forfeiture;

g.     providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

h.     violating the terms of this agreement or the supplement to the plea agreement in any other manner.

## 2.    **Consequences of Breach**

In the event of a breach by defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement. In particular, the United States may prosecute defendant for any criminal offense. In addition, any statements and information provided by defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or

other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including defendant's entry of the guilty plea), and statements made in the course of plea discussions. Defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel). Defendant is not entitled to withdraw his guilty plea.

### 3.    Procedure for Establishing Breach

The United States will provide written notice to defendant or his attorney if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by defendant. After providing such notice, the United States may institute or proceed with any charges against defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by defendant or any act of producing documents or items by defendant pursuant to this agreement or the supplement to the plea agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement or the supplement to the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office),

and (3) any representation by defense counsel to the United States that defendant will not plead guilty.

## F.   WAIVERS BY DEFENDANT

### 1.   Waiver of Trial Rights

By pleading guilty, defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, defendant would have the trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that defendant is presumed innocent and the burden is on the United States to prove defendant's guilt beyond a reasonable doubt. By waiving his right to a trial and pleading guilty, defendant is waiving these trial rights.

### 2.   Waiver of Appeal and Collateral Remedies

Except as otherwise provided in this section, defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. Defendant, however, reserves the right to appeal the following: (a) any

sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, defendant may bring any claim of ineffectiveness of counsel.

### 3.    Waiver of Statute of Limitations

Defendant hereby waives all defenses based on the applicable statutes of limitation as to the offense charged in the Indictment and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. Defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire 1 year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

### 4.    Waiver of Speedy Trial Rights

Defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to the offense charged in the Indictment. The waiver contained in this paragraph will expire 1 year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any

plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

## G.   EFFECT OF AGREEMENT

### 1.   Effective Date

This agreement and the supplement to the plea agreement are not binding on any party until both are signed by defendant, defendant's counsel, and an attorney for the United States. Once signed by defendant, his counsel, and an attorney for the United States, the agreement and the supplement are binding on defendant and the United States.

### 2.   Effect on Other Agreements

This agreement incorporates the supplement to the plea agreement which will be filed under seal with the Court. In this district, the Court requires that a sealed supplement be filed with every plea agreement regardless of whether defendant is cooperating. The supplement either states that defendant is not cooperating or provides the terms of defendant's agreement to cooperate. This plea agreement, along with the aforementioned supplement to the plea agreement, supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

### 3.   Effect on Other Authorities

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

**4.      Effect of Rejection by Court**

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement and the supplement to the plea agreement. If the Court rejects the plea agreement and the supplement, the plea agreement and the supplement are no longer binding on the parties and are not binding on the Court. If the Court rejects the plea agreement and the supplement, defendant will be given the opportunity to withdraw his plea and such withdrawal will not constitute a breach of the agreement. If defendant does not withdraw his plea following rejection of the plea agreement and the supplement, the disposition of the case may be less favorable to defendant than contemplated by the plea agreement.

**H.      REPRESENTATIONS AND SIGNATURES**

**1.      By Defendant**

I, Udraka Roberts-Bey, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement and the supplement to the plea agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and discussed it with my attorney. I fully understand the nature of the charge, including the elements.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of the offense charged in the Indictment.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_____          DATE: _4 -25-17_

Udraka Roberts-Bey
Defendant

### 2.    **By Defense Counsel**

I have read the Indictment and this plea agreement and have discussed both with my client, Udraka Roberts-Bey, who is the defendant in this matter. I am satisfied that defendant understands the agreement and the charge against him, including the elements. I am also satisfied that defendant is entering into the agreement knowingly and voluntarily.

This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between defendant and the United States.

_____
Marci Blaize
Counsel for Defendant

DATE: 4/25/17

### 3.    By the United States

We accept and agree to this plea agreement on behalf of the United States. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between defendant and the United States.

_____
J. Walter Green
United States Attorney
Middle District of Louisiana

DATE: 20 Jan 17

_____
Paul L. Pugliese
Assistant United States Attorney
Middle District of Louisiana

DATE: 1/20/17